UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| JOSHUA PADMORE,<br><br>       Petitioner,<br><br> – against –<br><br>UNITED STATES OF AMERICA,<br><br>       Respondent. | **MEMORANDUM AND ORDER**<br><br>17-cr-126 (ERK)(RLM) |

KORMAN, *J.*:

**I. Factual and Procedural Background**

  I assume familiarity with the factual and procedural history of this case. Petitioner Joshua Padmore pled guilty on June 19, 2019, pursuant to a Plea Agreement, to one count of conspiracy to commit Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and one count of narcotics trafficking conspiracy, in violation of 21 U.S.C. § 846. *See* Plea Agreement ¶ 1, ECF No. 246-1. The Plea Agreement included a provision by which Padmore agreed not to appeal or collaterally attack his conviction or sentence if he was sentenced to 175 months' imprisonment or less. *See id.* ¶ 4. On June 19, 2019, Padmore was sentenced to 120 months' imprisonment and a five-year term of supervised release. Sentencing Tr. at 4:13–14; 22:4–10, ECF No. 199.

Padmore, proceeding *pro se*, now moves to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. *See* Mot. at 1, ECF No. 243. He raises the following grounds for relief: (1) a conspiracy to commit Hobbs Act robbery is not a "crime of violence" for the purposes of 18 U.S.C. § 924(c)(3)(A); (2) Hobbs Act robbery is not categorically a "crime of violence" under the U.S. Sentencing Guidelines ("U.S.S.G." or the "Guidelines"); (3) a narcotics trafficking conspiracy under 21 U.S.C. § 846 does not qualify as a "controlled substance offense" pursuant to the Guidelines; and (4) his "mere presence" during the commission of the robbery is insufficient "to establish participation in a [Hobbs Act robbery] conspiracy." *Id.* at 1–2. The U.S. Attorney opposes the motion. *See* Opp'n to Mot., ECF No. 246.

**II. Legal Standard**

28 U.S.C. § 2255 provides that a prisoner in federal custody may move to vacate, set aside, or correct his sentence on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a).

**III. Discussion**

   **A. Timeliness of § 2255 Motion**

Padmore's petition is untimely. The Antiterrorism and Effective Death Penalty Act of 1996 requires, among other things, that a § 2255 motion be filed

2

within one year from "the date on which the judgment of conviction becomes final." *Id.* § 2255(f)(1). Where, as here, a defendant has appealed his conviction, "a judgment of conviction becomes final when the time expires for filing a petition for certiorari contesting the appellate court's affirmation of the conviction." *Clay v. United States*, 537 U.S. 522, 525 (2003); *see also* Sup. Ct. R. 13(1), (3) (establishing a ninety-day period for filing a petition for writ of certiorari).

Here, Padmore's judgment of conviction was entered on November 13, 2019. ECF No. 205. The Second Circuit dismissed Padmore's appeal on March 15, 2021. ECF Nos. 207, 228. Thus, Padmore's judgment of conviction became final ninety days later—on June 13, 2021—and his § 2255 motion, filed on June 26, 2024, is untimely.

### B. Waiver of Rights in Plea Agreement

Aside from Padmore's petition being untimely, his Plea Agreement precludes this petition. "There is no general bar to a waiver of collateral attack rights in a plea agreement." *Frederick v. Warden, Lewisburg Corr. Facility*, 308 F.3d 192, 195 (2d Cir. 2002). "A criminal defendant's waiver of his right to appeal his sentence is presumptively enforceable as long as the waiver is knowing and voluntary and does not violate fundamental rights." *United States v. Browder*, 499 F. App'x 74, 76 (2d Cir. 2012) (citations omitted).

Federal Rule of Criminal Procedure 11 "sets forth requirements for a plea allocution and is designed to ensure that a defendant's plea of guilty is a voluntary

3

and intelligent choice." *United States v. Delvalle*, 94 F.4th 262, 266 (2d Cir. 2024) (citation and internal quotation marks omitted). "One of the district court's tasks under Rule 11 is to 'determine that the plea is voluntary and did not result from force, threats, or promises (other than promises in a plea agreement).'" *Id.* (quoting Fed. R. Crim. P. 11(b)(2)). Moreover, a plea is involuntary if it is "the product of actual or threatened physical harm, mental coercion overbearing the defendant's will, or the defendant's sheer inability to weigh his options rationally." *Miller v. Angliker*, 848 F.2d 1312, 1320 (2d Cir. 1988).

Here, Padmore does not deny that he waived his right to collaterally attack his sentence. At his plea hearing, Padmore was placed under oath consistent with Rule 11 and questioned to ensure his guilty plea was valid. During the plea colloquy, Padmore answered in the affirmative when asked, among other things, whether his mind was clear and whether he understood the rights he was waiving by pleading guilty; the nature of each charge to which he was pleading guilty; and the minimum and maximum penalties each charge carried. *See* Plea Tr. at 5:13–14, 18–20; 25:18–21; 26:14–29:10; 35:5–15, ECF No. 200.

The Plea Agreement, which Padmore reviewed with counsel, indicated he "agrees not to file an appeal or otherwise challenge, by petition pursuant to 28 U.S.C. § 2255 or any other provision, the conviction or sentence in the event the Court imposes a term of imprisonment of 175 months or below." Plea Agreement ¶ 4; *see*

4

*also* Plea Tr. at 26:11–13. At his plea hearing, Padmore explicitly acknowledged he understood he was waiving his right to challenge his conviction or sentence:

> THE COURT: [Y]ou agree not to file an appeal or otherwise challenge the conviction or sentence in the event that I give you a sentence of 175 months or less.
>
> THE DEFENDANT: Yes, sir. . . .
>
> THE COURT: The other mistake that can be made, and can be subject to an appeal is a mistake in sentencing, . . . and what you're agreeing is that as long as I give you a sentence of 175 months or less, you're not going to appeal that mistake, if I should make one. Do you understand that?
>
> THE DEFENDANT: Yes.

Plea Tr. at 32:15–19; 33:4–11.

Thus, Padmore's waiver was knowing and voluntary and is enforceable. Because he was sentenced to 120 months' imprisonment, he is precluded from bringing this petition.

## C. No Habeas Relief Merited

Even if Padmore's Plea Agreement did not preclude his petition, he still would not be entitled to habeas relief. First, Padmore argues that a conspiracy to commit a Hobbs Act robbery is not a "crime of violence" for the purposes of 18 U.S.C. § 924(c)(3)(A). *See* Mot. at 1–2. Second, he contends that a Hobbs Act robbery is not categorically a "crime of violence" under the career offender provisions of the Guidelines. *See id.* (citing *United States v. O'Connor*, 874 F.3d 1147, 1158 (10th Cir. 2017) (holding that Hobbs Act robbery is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a)). Third, Padmore maintains that a narcotics trafficking conspiracy, in violation of 21 U.S.C. § 846, does not qualify as a "controlled substance offense" under the career offender provisions. *See id.* at 2.

Padmore's arguments are meritless. The Second Circuit has held that a Hobbs Act robbery conspiracy does not qualify as a "crime of violence" under § 924(c), *see United States v. Barrett*, 937 F.3d 126, 129 (2d Cir. 2019), *abrogated on other grounds by Lora v. United States*, 599 U.S. 453 (2023), and that Hobbs Act robbery is not categorically a "crime of violence" under U.S.S.G. § 4B1.2(a), *see United States v. Chappelle*, 41 F.4th 102, 104 (2d Cir. 2022). Nevertheless, Padmore was not convicted of a § 924(c) offense or a completed Hobbs Act robbery offense. *See* Plea Agreement ¶ 1. Nor was Padmore found to be a career offender for the purposes of the Plea Agreement or the calculation of the Guidelines range.

6

Similarly, because Padmore is not a career offender, his argument regarding § 846 is irrelevant and incorrect as a matter of law. Under the Guidelines, a "controlled substance offense" enhancement is triggered only for defendants sentenced as career offenders. *See* U.S.S.G. §§ 4B1.1, 4B1.2(b). Moreover, "drug conspiracy convictions pursuant to 21 U.S.C. [§] 846 . . . qualify as controlled substance offenses." *United States v. Jackson*, 60 F.3d 128, 133 (2d Cir. 1995).

Finally, Padmore argues that his "mere presence" during others' commission of a crime is insufficient "to establish participation in a [Hobbs Act robbery] conspiracy." Mot. at 1. The Second Circuit "has repeatedly emphasized that a defendant's mere presence at a crime scene or association with conspirators does not establish intentional participation in the conspiracy, even if the defendant has knowledge of the conspiracy." *United States v. Santos*, 449 F.3d 93, 104 (2d Cir. 2006) (citation and internation quotation marks omitted). Rather, evidence "must show the defendant knowingly joined and participated in the objectives of the conspiracy." *United States v. Jones*, 30 F.3d 276, 282 (2d Cir. 1994).

Here, Padmore was not merely present during the robbery or simply associated with his co-conspirators. At the plea hearing, Padmore answered in the affirmative when asked whether he agreed with others to participate in the robbery of a drug stash house. Plea Tr. at 26:17–27:14; *see also* Presentence Investigation Report ("PSR") ¶ 7, ECF No. 142. Padmore also recruited a co-conspirator, discussed with his co-conspirators the plan for committing the robbery, used his own

7

car, and brought a loaded revolver to the location of the robbery. *See* PSR ¶¶ 7–13. Thus, the facts to which Padmore pled indicate he knowingly joined and participated in the conspiracy to rob the drug stash house.

## IV. Conclusion

The petition for relief pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability is also denied. *See* 28 U.S.C. § 2253(c)(2).

**SO ORDERED.**

Brooklyn, New York  
August 26, 2024

*Edward R. Korman*  
Edward R. Korman  
United States District Judge